20-2665
R.L. Vallee, Inc. v. Vermont Agency of Transportation

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
           GUIDO CALABRESI,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

------------------------------------------------------------------

R.L. VALLEE, INC.,

          *Plaintiff-Appellant*,

WESCO, INC., TIMBERLAKE ASSOCIATES, L.L.P.,

          *Plaintiffs*,

          v.                                        20-2665-cv

VERMONT AGENCY OF TRANSPORTATION;
STATE OF VERMONT; FEDERAL HIGHWAY
ADMINISTRATION, AN AGENCY OF THE
UNITED STATES DEPARTMENT OF

TRANSPORTATION; PETE BUTTIGIEG, IN HIS OFFICIAL CAPACITY AS SECRETARY OF TRANSPORTATION; STEPHANIE POLLACK, IN HER OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE FEDERAL HIGHWAY ADMINISTRATION; MATTHEW HAKE, IN HIS OFFICIAL CAPACITY AS DIVISION ADMINISTRATOR FOR THE VERMONT DIVISION OF THE FEDERAL HIGHWAY ADMINISTRATION; JOE FLYNN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE VERMONT AGENCY OF TRANSPORTATION,

*Defendants-Appellees.**

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | DANIEL A. SEFF, MSK Attorneys, Burlington, VT |
| FOR FEDERAL DEFENDANTS-APPELLEES: | MICHAEL T. GRAY (Joshua Wilson, *on the brief*), *for* Todd Kim, Assistant Attorney General, United States Department of Justice, Environment and Natural Resources Division, Jacksonville, FL; Sharon Vaughn-Fair, Lavinia Thomas, United States Department of Transportation, Washington, DC |

---

* The Clerk of Court is directed to amend the official caption to conform with the above caption.

FOR STATE DEFENDANTS-                    Jenny E. Ronis, Assistant
                                         Attorney General, Montpelier,
                                         VT

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant R.L. Vallee, Inc. appeals from the July 8, 2020 judgment of the District Court for the District of Vermont (Crawford, C.J.) denying its motion for summary judgment and granting judgment in favor of the Defendants-Appellees, which include the State of Vermont, the Vermont Agency of Transportation ("VTrans"), the Federal Highway Administration ("FHWA"), and certain individual federal and state government officials.  In the operative complaint, R.L. Vallee claims that in 2013 the FHWA arbitrarily and capriciously decided that a planned construction project centered on a highway interchange near Colchester, Vermont was categorically excluded from the requirement to prepare an environmental impact statement.  That requirement is imposed by the

3

National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's grant of summary judgment de novo. Friends of Animals v. Romero, 948 F.3d 579, 585 (2d Cir. 2020). "Because NEPA does not itself provide for judicial review, the [Administrative Procedure Act (APA)] controls." Brodsky v. U.S. Nuclear Regul. Comm'n, 704 F.3d 113, 119 (2d Cir. 2013). With an exception not relevant here, the APA allows judicial review only of "final agency action." 5 U.S.C. § 704 (emphasis added); see Sharkey v. Quarantillo, 541 F.3d 75, 89 (2d Cir. 2008). Our review is limited and deferential. "[W]e will not vacate an agency's decision unless it has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Nat'l Ass'n of Home Builders v. Defs. of Wildlife, 551 U.S. 644, 658 (2007) (quotation marks omitted).

R.L. Vallee first contends that when the District Court entered judgment,

the FHWA's 2013 decision did not constitute final agency action—and was therefore unreviewable—because the FHWA reevaluated its earlier decision and concluded that the categorical exclusion "remain[ed] valid." 23 C.F.R. § 771.129. We are not persuaded. Nothing in the record before us suggests that the FHWA questioned the validity of its earlier decision. As the FHWA's counsel explained during oral argument, the reevaluation focused only on what if any legal requirements had changed since 2013; the FHWA did not review VTrans's application anew. See App'x 421 (application listing "changes in the scope of work or the design of th[e] project since the issuance of the original [categorical exclusion]"); 23 C.F.R. § 771.129 (requiring the FHWA to determine "whether an approved environmental document remains valid" before "granting any new approval").

Nor are we persuaded by R.L. Vallee's argument that the FHWA's 2013 decision was arbitrary and capricious. The FHWA determined that the VTrans project was categorically excluded from NEPA review because it will not involve significant environmental impacts and falls into two categories of projects that often do not. See App'x 590–91; 23 C.F.R. § 771.117(a), (d)(1)–(2) (2013). In

5

support of its argument, R.L. Vallee relies on <u>West v. Secretary of Department of Transportation</u>, 206 F.3d 920, 928–29 (9th Cir. 2000), and <u>RB Jai Alai, LLC v. Secretary of Florida Department of Transportation</u>, 112 F. Supp. 3d 1301, 1317–22 (M.D. Fla. 2015).  In each of those cases, the courts concluded that the projects at issue should not have been categorically excluded from NEPA review.  But the projects at issue in those cases were also very large, involved the construction of an entirely new interchange or overpass, and restricted or expanded the directions or locations that drivers could travel.  <u>See</u> <u>West</u>, 206 F.3d at 928; <u>RB Jai Alai</u>, 112 F. Supp. 3d at 1318.  By contrast, there is no evidence that the project at issue here will have a significant impact on travel patterns or any other significant environmental impact.  <u>See</u> 23 C.F.R. § 771.129(a).  Although the FHWA acknowledges that the project will relieve congestion around the interchange, we defer to its conclusion that congestion relief alone does not amount to a significant impact on travel patterns.  <u>See</u> <u>City of New York v. Interstate Com. Comm'n</u>, 4 F.3d 181, 186 (2d Cir. 1993).

　　R.L. Vallee also contends that the FHWA's decision was arbitrary and capricious because it improperly categorized a nearby development as a

6

cumulative impact rather than an indirect effect of the interchange project, and also because VTrans did not specifically represent that significant impacts <u>would</u> <u>not</u> result, as R.L. Vallee claims is required by the applicable FHWA regulation. <u>See</u> 23 C.F.R. § 771.117(d).  We reject these arguments substantially for the reasons stated by the District Court.

We have considered R.L. Vallee's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court